

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00121-CV

_____

TEXAS FARM BUREAU UNDERWRITERS, A TEXAS CORPORATION,
Appellant

V.

GUADALUPE CASTRO, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED, Appellee

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-335023-22

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Appellant Texas Farm Bureau Underwriters, a Texas Corporation, appealed the trial court's interlocutory order granting a motion for class certification filed by Appellee Guadalupe Castro, Individually, and on Behalf of All Others Similarly Situated. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(3). After the notice of appeal was filed, we received an order from the trial court vacating the order granting Appellee's motion for class certification. *See* Tex. R. App. P. 29.5 ("While an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case and . . . may make further orders, including one dissolving the order complained of on appeal.").

"Appellate courts are prohibited from deciding moot controversies." *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). A case becomes moot if a justiciable controversy ceases to exist at any stage of the legal proceedings, including the appeal. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001).

On March 21, 2024, we notified Appellant that its appeal appeared to be moot. We informed Appellant that unless it filed a response by April 1, 2024, showing grounds for continuing the appeal, we would dismiss it as moot. *See* Tex. R. App. P. 44.3. Appellant has not filed a response. Accordingly, we dismiss this appeal as moot. *See* Tex. R. App. P. 43.2(f); *Alorica and Alorica, Inc. v. Jasso*, No. 08-18-00158-CV, 2018 WL 6191488, at *1 (Tex. App.—El Paso Nov. 28, 2018, no pet.) (mem. op.)

(dismissing appeal from interlocutory order as moot where trial court vacated interlocutory order while appeal was pending); *Morris v. Madrigal*, No. 13-15-00203-CV, 2015 WL 3637841, at *1 (Tex. App.—Corpus Christi–Edinburg June 11, 2015, no pet.) (mem. op.) ("Because the trial court has vacated the order subject to appeal, we conclude that this appeal has been rendered moot.").

/s/ Dana Womack

Dana Womack
Justice

Delivered: April 18, 2024